

# NUMBER 13-15-00141-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**TRINIDAD GEORGE PEREZ,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

### On appeal from the 24th District Court
### of Victoria County, Texas.

## MEMORANDUM OPINION

**Before Justices Garza, Benavides, and Perkes**
**Memorandum Opinion Per Curiam**

Appellant, Trinidad George Perez, appeals from a denial of his motion for DNA testing. We dismiss the appeal for want of jurisdiction.

The record before this court reflects that the trial court signed the order denying motion for post-conviction DNA testing on September 25, 2014, and that appellant filed

his pro se notice of appeal on November 10, 2014. On March 30, 2015, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected. The Clerk further advised appellant that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive. Appellant has not responded to the Court's notice.

An appeal from a denial of a motion for DNA testing is treated in the same manner as an appeal of any other criminal matter. *See* TEX. CODE CRIM. PROC. ANN. art. 64.05 (Vernon Supp. 2005). Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day the trial court enters an appealable order. TEX. R. APP. P. 26.2(a)(1). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 26.3.

Appellant's notice of appeal was due to have been filed on or before October 27, 2015.[1] *See* TEX. R. APP. P. 26.2(a)(2). Although the notice of appeal herein was filed within the fifteen day time period, no such motion for extension of time was filed within the fifteen day time period. *See id.* 26.2(a)(2).

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address

---

[1] Because the thirtieth day fell on a Saturday, appellant had until the following Monday, October 27, 2014 to file the notice of appeal. *See* TEX. R. APP. P. 4.1.

2

the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (Vernon 2005); *see also Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999). Accordingly, the appeal is DISMISSED FOR WANT OF JURISDICTION.

PER CURIAM

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
30th day of April, 2015.

3